[S. F. No. 4503. In Bank.—June 8, 1908.]

## J. S. McGINNIS, Petitioner, v. MAYOR AND COMMON COUNCIL OF CITY OF SAN JOSE, Respondents.

Mandamus—Street-Railroad Franchise—Discretion of City Council—Advertisement of Application.—Under the act of March 22, 1905, regulating street railroad and other franchises in counties and municipalities, the mayor and common council of a municipality have discretion whether or not to advertise an application for a street-railroad franchise, and to determine whether or not the franchise or privilege shall be granted at all, the only purpose of the act in this regard being to prevent the granting thereof in any other manner than that prescribed. *Mandamus* will not lie to control the discretion of the governing body of the municipality, as to whether they will advertise an application for such franchise.

Id.—Writ of Mandate not Anticipatory.—A writ of mandate cannot be issued which shall be effectual only in the event that the inferior tribunal or board shall subsequently determine a matter then pending before it in a certain way. The act which will be compelled must be one to the performance of which the complaining party is entitled at the institution of his proceeding; and it is the refusal or neglect to perform an act which is enjoined by the law as a present duty, that serves as the foundation for the proceeding.

PETITION for Writ of Mandate to Mayor and Common Council of the City of San Jose.

The facts are stated in the opinion of the court.

Partridge & Jacobs, Charles S. Wheeler, and J. F. Bowie, for Petitioner.

F. B. Brown, J. E. Richards, Cobb & Rea, J. C. Campbell, William B. Bosley, S. F. Leib, *Amicus Curiæ,* and Harry L. Titus, and Morrison, Cope & Brobeck, *Amici Curiæ,* for Respondents.

ANGELLOTTI, J.—Application for writ of *mandamus,* prayed to be directed against the mayor and common council of the city of San Jose, a municipal corporation.

Plaintiff, a resident, citizen, and taxpayer of the city of San Jose, seeks by this proceeding to obtain a writ of mandate requiring the defendants to advertise a pending application

for a franchise for certain street railroads in said city, in the manner provided by an act of the legislature of the state of California entitled "An act providing for the sale of street railroad and other franchises in counties and municipalities, and providing conditions for the granting of such franchises by legislative or other governing bodies, and repealing conflicting acts," approved March 22, 1905. (Stats. 1905, p. 777.) An alternative writ was issued upon the filing of the petition. The matter has now been submitted for decision upon a demurrer to the petition.

The questions upon which a decision is desired by counsel are: 1. Whether the act in question is applicable to the city of San Jose; and 2. Whether such act is void under certain provisions of our state constitution. While we fully recognize the importance of these questions, we are met at the outset by an objection to their consideration in this proceeding which appears to us to be unanswerable. If we assume that the act in question is in all respects valid, and, further, that it constitutes the law applicable in the matter of granting street-railroad franchises in the city of San Jose, we are satisfied that plaintiff would nevertheless not be entitled to the relief sought herein, or any other relief within our power to give upon this application. If this be true, the questions above stated are practically relegated, so far as this proceeding is concerned, to the category of moot or abstract questions, the determination of which in petitioner's favor could not affect the result. Under such circumstances, we do not feel that this court would be warranted in entering upon their consideration.

It is alleged in the petition that on or about November 21, 1903, the San Jose and Santa Clara Railroad Company, a corporation, filed with the clerk of defendants, and presented to defendants, its petition for the franchise; "that the said mayor and common council propose and intend to grant the said franchise as petitioned for"; that they "have threatened and do now threaten to grant" the same, "without advertising in any manner in any newspaper . . . the fact of said application, and without so advertising any statement that they propose to grant the same, and without so advertising that bids will be received for such franchise and that it will be awarded to the highest bidder"; that each and every one of

them propose and intend to vote for the granting and they will grant the franchise petitioned for without requiring any payment therefor into the city treasury, and without any sale of such franchise; that no competition for the purchase of the franchise will be permitted, and the city will thereby be deprived of a large sum of money, and the burden of the taxpayer will be greatly increased; that petitioner himself desires to bid for such franchise, and if competitive bidding is not had, will be deprived of opportunity so to do; that on December 4, 1905, petitioner demanded of the mayor and common council that they advertise for sale the said franchise, and give an opportunity to petitioner and all others to bid therefor; that notwithstanding said demand, the mayor and common council refuse to so advertise.

The act of March 22, 1905, provides that every franchise or privilege to do certain things, including the construction or operation of street or interurban railroads upon any public street or highway, "shall be granted upon the conditions in this act provided, and not otherwise." It then specifies the procedure and conditions. When an application for a franchise is filed with the governing or legislative body of the county or municipality, "thereupon said governing body shall, in its discretion, advertise the fact of said application, together with the statement that it is proposed to grant the same," in one or more newspapers of the county or municipality for a certain designated period. This advertisement must contain a statement of the character of the franchise proposed to be granted, the proposed term, if it be a street railroad the proposed route; that the franchise will be awarded to the highest bidder, who must, during its life, pay to the county or municipality a certain portion of its gross annual receipts, and that sealed bids will be received up to a certain hour and day named therein. It then provides for the manner of said bids, the consideration thereof, the right of any person at the time of opening of the bids to bid a sum not less than ten per cent above the highest sealed bid, the sale by the governing body to the highest bidder, the execution of a bond by the successful bidder, the granting of the franchise by ordinance, and the commencement of work thereunder within a specified time.

It is very clear that this act invests the governing or other legislative body of the county, city and county, city, or town,

with the sole power to determine, in the exercise of its dis-
cretion, whether or not the franchise or privilege petitioned
for shall be granted at all, and the only purpose of the act in
this regard is to prevent the granting thereof in any other
manner than that prescribed.   The presentation of an appli-
cation to such legislative body does not compel it to proceed
to grant the franchise, or to take a single step in the direction
of granting it.   The legislature has been careful to expressly
provide that such body, upon the filing of the application,
shall *"in its discretion* advertise," etc.   This, of course, does
not mean that the body may in granting such a franchise
in its discretion dispense with advertising, but it does un-
doubtedly mean that it may, in its discretion, refrain from
taking any step toward granting a franchise for the thing
asked.   In other words, the question whether any such fran-
chise shall be given to any one is, notwithstanding the presen-
tation of the application, solely with such legislative body,
to be determined by it in its discretion.   It is elementary that
*mandamus* will not lie to control the discretion confided by
law to an inferior tribunal or board, and no one could contend
with any show of reason that the legislative body of the city
of San Jose could be compelled by *mandamus* to perform any
of the acts essential under the act to the granting of the
franchise, merely because an application for such franchise
had been presented to it.   This, we take it, is recognized by
learned counsel for petitioner, and accounts for the presence
in the petition of the allegations as to the intention of the
mayor and members of the common council.   But, however
material these allegations might be in an application for a
writ of prohibition to restrain action by the legislative body
in violation of the provisions of the act, which, of course,
would not lie, the functions of the body in such a matter not
being in any degree judicial (see *Cameron* v. *Kenfield,* 57 Cal.
550; *Farmers'* etc. v. *Thresher,* 62 Cal. 407; *Hobart* v. *Tillson,*
66 Cal. 210, [5 Pac. 83]), or in a proceeding to enjoin any
such action, they do not affect the matter before us.   The dis-
cretionary power to refuse to take any step toward granting
the franchise sought continues to the very moment of official
action by the legislative body, notwithstanding any existing
intention on its part or on the part of any of the members
of the body as to how they will ultimately vote thereon, and as

long as that discretionary power exists we cannot control it by compelling action looking to the granting of such franchise. Such clearly would be the effect of granting the writ sought by petitioner herein.

We do not understand that a writ of mandate can be issued which shall be effectual only in the event that the inferior tribunal or board shall subsequently determine a matter then pending before it in a certain way. The act which will be compelled by *mandamus* must be one to the performance of which the complaining party is entitled at the institution of his proceeding. It is the refusal or neglect to perform an act which is enjoined by the law as a present duty that serves as the very foundation for the proceeding.

The point we have discussed is raised by the demurrer, and was expressly made by counsel on the oral argument. As we think that it effectually disposes of the proceeding, it will be unnecessary to consider any of the other propositions which have been elaborately and ably argued by learned counsel. If the act of March 22, 1905, is a valid act, applicable to the city of San Jose, and a franchise for a street railroad is granted in violation of its terms, doubtless an adequate remedy can be found in a proper proceeding.

The alternative writ of mandate heretofore issued is discharged, and the proceeding is dismissed.

Shaw, J., Sloss, J., Lorigan, J., and Henshaw, J. concurred.