[Civ. No. 13646. Second Dist., Div. One. June 29, 1943.]

IMPERIAL MUTUAL LIFE INSURANCE COMPANY (a Corporation), Respondent, v. A. CAMINETTI, JR., as Insurance Commissioner, etc., Appellant.

Earl Warren, Attorney General, Robert W. Kenny, Attorney General, John L. Nourse, Deputy Attorney General, and Peery Price, Special Counsel, for Appellant.

Chas. R. Thompson and Sherman & Sherman for Respondent.

WHITE, J.—This is an appeal from a judgment granting a peremptory writ of mandate. The proceeding was instituted by Imperial Mutual Life Insurance Company, a corporation (hereinafter referred to as petitioner) against A. Caminetti, Jr., Insurance Commissioner of the State of California (hereinafter referred to as the commissioner), to compel the latter to issue to petitioner a certificate of authority or license to do

business as an insurance company in this state (Insurance Code sections 700, 701).

By stipulation, this cause was tried upon the record made in the case of *Caminetti* v. *Imperial Mutual Life Insurance Company* in which case we have this date filed an opinion (*ante*, p. 476 [139 P.2d 681]) and to which case reference is made for a comprehensive and detailed statement of the factual background surrounding this litigation. Following the trial, the court entered judgment directing the commissioner to issue to petitioner a renewal certificate of authority to transact business as an insurance company for the period ending July 1, 1942.

In addition to the facts recited in the case above referred to, it may aid the clarity of this opinion to here state that petitioner has been engaged in a mutual insurance business in this state since about 1927, from which date until 1941, such business was conducted pursuant to a certificate of authority originally issued by the commissioner and renewed each year thereafter until 1940. Section 701 of the Insurance Code provides that such a certificate shall expire on the first day of July after its issuance, unless sooner revoked.

The Insurance Commissioner did not issue the renewal of the license for the period July 1, 1940, to July 1, 1941, but by stipulation with petitioner did extend its certificate of authority from time to time, the last extension by stipulation expiring June 15, 1941. It was during the time covered by these stipulations that a controversy arose between petitioner and the commissioner with respect to the proper interpretation of certain statutes and petitioner's outstanding policy provisions with respect to the reserves it was required to maintain on such outstanding policies. This controversy gave rise to the litigation which forms the basis of *Caminetti* v. *Imperial Mutual Life Insurance Company*, this day decided (*ante*, p. 476 [139 P.2d 681]). On June 6, 1941, petitioner, on a regular form supplied to it by the commissioner, made application for renewal of its certificate of authority for the period from July 1, 1941, to July 1, 1942, accompanying the said application with the regular fee required for the renewal of its license. The commissioner refused to further extend the company's certificate of authority after June 15, 1941, or to renew the certificate of authority for the period from July 1, 1941, to July 1, 1942. On June 13, 1941, peti-

tioner filed in the superior court its "Petition for Writ of Mandate, Temporary Injunction and Other Relief." By such petition the petitioner sought a writ of mandate directing the commissioner to issue a renewal certificate of authority in the usual form, authorizing petitioner to do business for the period commencing July 1, 1940, to July 1, 1941, and from July 1, 1941, to July 1, 1942. When the matter came on for trial, the period ending June 30, 1941, had expired and the judgment therefore provided only for the issuance of a writ of mandate directing the commissioner to ·issue to petitioner a certificate of authority for the period July 1, 1941, to July 1, 1942. By the judgment it was further ordered that pursuant to the provisions of section 1095 of the Code of Civil Procedure, petitioner have and recover from the State of California the sum of $7,500 as compensation for damages found by the court to have been sustained by petitioner by reason of the refusal of the commissioner to issue a renewal of petitioner's certificate of authority to do business.

For a first ground of appeal the commissioner contends that insofar as the writ of mandate applies to the fiscal year 1941-1942, the petition therefor was prematurely filed. Such petition was filed June 12, 1941, and prayed for a writ directing the issuance of certificates of authority for the fiscal years 1940-1941 and 1941-1942. As heretofore noted, when the cause came on for trial the first named fiscal year had expired and the judgment entered herein on March 7, 1942, directed the commissioner to issue a renewal certificate of authority "For the period ending January 1, 1942." Appellant commissioner urges that by its petition filed June 12, 1941, respondent was restricted to sue for the renewal of its certificate for the balance of the fiscal year 1940-1941, or the remainder of such period from June 15th, when the stipulation between the parties expired, and June 30, 1941. It is true, as contended by the commissioner, that section 701 of the Insurance Code provides that every such certificate shall expire on the first day of July after its issuance, and it cannot be questioned that the general rule is that the act sought to be compelled by mandamus must be one to the performance of which the party is entitled at the time the proceeding in mandate is instituted (*McGinnis* v. *Mayor and Common Council of City of San Jose,* 153 Cal. 711, 715 [96 P. 367]), but that rule is subject to a kindred rule that man-

date may be resorted to when it appears from the conduct or declarations of the officer or board, that they do not intend to comply with their obligation to renew a permit or license when the time for such action arrives. In the instant case we are confronted with the fact that differences and disputes had arisen between the commissioner and respondent insurance company during the fiscal year 1940-1941, in connection with which the commissioner permitted the company to do business only by stipulations. When the stipulation ending June 15th was about to expire the commissioner indicated his intention not to extend the same. Upon the expiration of such stipulation, he seized the company under section 1011 of the Insurance Code. Respondent company had made regular application for renewal of its certificate of authority for the period 1941, 1942, paid the fee therefor, and such renewal was refused. In fact, by his answer and return to the alternative writ the commissioner "Admits that respondent (commissioner) refused and still refuses to issue to petitioner a certificate of authority for the period commencing July 1, 1941, and terminating July 1, 1942." To insist in an equitable proceeding such as mandate is, and under the facts and circumstances here present, that petitioner should have been compelled to file a petition for renewal of its license for the few days between June 15th and June 30th, 1941, and then, subsequent to July 1st, file another petition for the ensuing fiscal year ending June 30, 1942, would do violence to the rule enunciated in section 3532 of the Civil Code, which reads "The law neither does nor requires idle acts." Equity will also consider the fact that there is no showing of prejudice to appellant commissioner by reason of the time when the action herein was filed. The court was concededly clothed with jurisdiction under the petition to deal with the remaining days of the 1940-1941 fiscal year, and at the time the cause came on for trial the last mentioned fiscal year had passed and the following fiscal year of 1941-1942 was more than half over. ■ Equity does not look with favor upon litigation by piece-meal, and whenever possible will dispose of the entire controversy between the parties, will grant complete relief and whenever possible will settle and determine all differences between the parties in the one action, leaving nothing for further litigation between the same parties and upon the same subject-matter (*Sonnicksen* v. *Sonnicksen*, 45 Cal.App. 2d 46, 52 [113 P.2d 495]). ■ Let us assume that on June 12,

1941, when the petition for a writ of mandate was filed, petitioner had no cause of action against the commissioner to compel a renewal of its license for the following fiscal year commencing July 1, 1941. This situation continued to exist until the last named date, but admittedly, at any time after July 1, 1941, petitioner might properly have brought an action in mandate affecting the fiscal year ending June 30, 1942. Therefore, under the familiar rule that equity once having acquired jurisdiction of the subject-matter of an action will retain it, to the end that a complete adjudication of all conflicting rights may be had and a final determination of all matters in controversy may be accomplished, the court was justified in retaining jurisdiction until all the issues in the action should be determined and all the differences between the parties arising thereunder were settled (*Union Oil Co.* v. *Reconstruction Oil Co.*, 20 Cal.App.2d 170, 183 [66 P.2d 1215]). By such procedure the court was enabled to do complete justice by deciding the whole case. "Equity regards that as done which ought to have been done" (10 Cal.Jur. 505; Civil Code sec. 3529).

Appellant commissioner next complains of the action by the court in rejecting evidence showing that two of the officers and directors of the insurance company had been convicted of a felony in a federal court prosecution wherein they entered pleas of *nolo contendere*. In the instant mandate proceeding the court grounded its ruling on the fact that the matter of such conviction was not set up in the pleadings filed by the commissioner. An oral motion for leave to file an amended answer including such an averment was denied by the court. It becomes unnecessary to pass upon appellant commissioner's claim that in denying such motion the court abused its discretion. In view of what was said by us in *Imperial Mutual Life Insurance Co.* v. *Caminetti, ante,* p. 494 [139 P.2d 693]), this day decided, concerning the inadmissibility of such evidence because of the pleas of *nolo contendere* entered in the criminal proceeding in question, it follows that had the court permitted appellant to file the requested amendment to his answer, the conviction relied upon could not aid appellant, and would not have constituted grounds upon which he could legally predicate a denial of petitioner's application for a renewal of its certificate of authority to do business.

Finally, appellant challenges the legality of that portion of the judgment by which the court, acting pursuant to section 1095 of the Code of Civil Procedure, awarded petitioner damages in the sum of $7,500 against the State of California. The court made extensive findings as to the damage allegedly sustained by petitioner due to the interference with its business by appellant commissioner. But as we read the record it seems clear to us that the damage, if any, sustained by petitioner was occasioned by the appointment, under section 1011 of the Insurance Code, of the commissioner as conservator, and by the latter's decision to discontinue the writing of new business (*Imperial Mutual Life Insurance Co. v. Caminetti, supra*). It is apparent to us from the record that assuming the commissioner had issued the certificate of authority and then had proceeded as he did to procure his appointment as conservator, then determined as he did, not to write further new business, the damages for which redress is sought herein would nevertheless have accrued. When he took over as conservator the commissioner was not required to issue to himself a certificate of authority had he concluded to continue the writing of new insurance business. In the light of the record before us it would therefore be highly speculative to say that the damage to petitioner was occasioned by the refusal to issue the renewal license rather than on account of the action of the commissioner in taking over the affairs of the company under the provisions of the Insurance Code. No causal connection was shown or proven between the damage claimed and the action of the commissioner which gave rise to the mandate proceeding with which we are here concerned.

For the foregoing reasons the judgment appealed from is modified by striking therefrom that portion thereof reading as follows: "It is further ordered, adjudged and decreed that petitioner herein, Imperial Mutual Life Insurance Company, have and recover of and from the State of California, damages in the sum of Seven Thousand Five Hundred Dollars ($7,500)." As so modified, the judgment is affirmed. Neither party to recover costs on appeal.

York, P. J., concurred.

DORAN, J.—I concur in that part of the decision which

modifies the judgment but dissent as to that portion which approves of the issuance of the writ.

A petition for a rehearing was denied July 28, 1943. Doran, J., voted for a rehearing. Appellant's petition for a hearing by the Supreme Court was denied August 26, 1943.