[Civ. No. 13890. Second Dist., Div. Three. Feb. 17, 1944.]

PRUDENCE MUTUAL LIFE INSURANCE ASSOCIATION (a Corporation), Respondent, v. A. CAMINETTI, JR., as Insurance Commissioner, etc., Appellant.

Earl Warren, Attorney General, Robert W. Kenny, Attorney General, and John L. Nourse, Deputy Attorney General, for Appellant.

Chas. R. Thompson, Sherman & Sherman and Ralph H. Lewis for Respondent.

SHAW, J. pro tem.—This is a proceeding in mandate, brought by petitioner, which is a corporation organized to transact the business of life insurance under the mutual benefit assessment plan provided for by chapter 8 of part 2, division 2, of the Insurance Code, to compel the defendant Insurance Commissioner to issue to it a renewal certificate of authority to do business under that chapter and also to approve proceedings taken by it to transform itself into a mutual life and disability insurer operating under chapter 9 of said part of the Insurance Code and issue it a certificate of authority to do business under chapter 9. By the judg-

ment the petitioner was awarded the writ which it sought, and the Insurance Commissioner appeals.

This case was tried with *Caminetti* v. *Prudence Mutual Life Insurance Association, ante,* p. 945 [146 P.2d 15], this day decided by us, and was submitted to and decided by the superior court on the evidence in that case. The record shows that after issuing to petitioner one or two temporary certificates to continue in business under chapter 8 of the Insurance Code, the Insurance Commissioner obtained an order appointing him conservator of its business and took over the business. This order was considered in *Caminetti* v. *Prudence Mutual Life Insurance Association, supra,* which is referred to for further details regarding it. If this order stands, the petitioner is not entitled to a certificate of authority to do business, under either chapter 8 or chapter 9, for by it petitioner's business was turned over to the Insurance Commissioner as conservator, and in consequence it can do no business. By the judgment appealed from in *Caminetti* v. *Prudence Mutual Life Insurance Association, supra,* the order appointing the conservator was "cancelled and terminated." By our decision in that matter the judgment there appealed from is affirmed. Consequently, the judgment here is proper, so far as the certificate of authority under chapter 8 is concerned. (*Imperial Mut. L. Ins. Co.* v. *Caminetti* (1943), 59 Cal.App.2d 494, 498 [139 P.2d 693].)

But the judgment, so far as it directs a writ to compel the commissioner to approve the transformation and issue to petitioner a certificate of authority to do business under chapter 9 is erroneous. Such a transformation is authorized and provided for by article 10 of chapter 8 above mentioned. Section 10739 of this article provides that when an association "has accumulated a fund of twenty-five thousand dollars or more in excess of all liabilities for undisputed claims or expenses incurred and taxes" it may transform itself so as to do business under chapter 9. Section 10740 of the same article provides that "Any such association at its option, instead of depositing twenty-five thousand dollars as provided for in section 10739 of this chapter, may, on or before August 1, 1941, deposit five thousand dollars at the time of transformation, and the balance of twenty thousand dollars" over a period of four years. Section 10740 is manifestly in error in referring to section 10739 as providing for a deposit of $25,000, but we need not decide what is

the effect of this error. A deposit of that sum with the commissioner is required by section 10830, a part of chapter 9, before an insurer operating under chapter 9 can issue policies. Petitioner never did have a fund of $25,000 as required by section 10739, nor did it ever deposit that amount; hence it was not authorized to make the transformation, unless relieved from the limitations of section 10739 by the provisions of section 10740. Section 10740 clearly limits the option granted by it so that it must be exercised by making the first $5,000 deposit "on or before August 1, 1941." It is undisputed that petitioner did not make such a deposit on or before that date. Hence it is not entitled to a writ requiring an approval of its transformation or the issuance of a certificate to do business under chapter 9. To escape this conclusion it claims, and the court found, that before that date it offered to deposit with the commissioner the sum of $5,000, and that the defendant's refusal to approve the transformation or issue a certificate therefor was not based on failure to make such deposit. The latter part of this contention clearly has no force. The Insurance Code definitely requires the deposit to be made before the date stated, and the commissioner cannot extend the time, either expressly or by merely failing to object to a default in that respect. Assuming, for the purpose of this case only, but not deciding, that petitioner is correct in arguing that an offer of the deposit, made in time and when its transformation proceedings are tendered for approval, must be deemed equivalent to a deposit and petitioner does not lose its rights by the commissioner's delay or refusal to act, the defendant contends that no such offer was made. There is a finding of such an offer but we can find no support for it in the evidence. The only testimony cited by petitioner in its support is this testimony of Mr. Fielder, the general manager of petitioner: "Q. . . . was the Association at all times ready, willing and able to deposit with the Commissioner the sum of $5000.00 cash? A. Yes." We have searched the transcript and can find nothing coming nearer to support of the finding than this. It is insufficient. It shows no offer at all, but only a state of mind of the association plus financial ability to pay. As far as appears, this state of mind was entirely undisclosed and it did not constitute an offer.

It appears that no further evidence could be produced on

this question of an offer, so it is proper for this court to make a finding upon it, for the purpose of ending the case, and this court now finds that the petitioner never offered to the Insurance Commissioner, in connection with its transformation proceedings mentioned in the petition, to deposit with him the sum of $5,000.

The judgment is modified by striking therefrom the paragraphs numbered 1 and 2 and as so modified it is affirmed, appellant to recover its costs of appeal herein.

Shinn, Acting P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 13, 1944.