[Civ. No. 9438. Third Dist. Feb. 28, 1958.]

NORTHRIDGE PARK COUNTY WATER DISTRICT, Petitioner, v. EDWARD M. McDONELL, as Secretary, etc., Respondent.

Kirkbride, Wilson, Harzfeld & Wallace for Petitioner.

Edward M. McDonell, in pro. per., for Respondent.

VAN DYKE, P. J.—Northridge Park County Water District, a county water district, has filed in this court a petition seeking to invoke our original jurisdiction by submitting to this court a controversy without action pursuant to sections 1138, 1139 and 1140 of the Code of Civil Procedure. The petition also purports to contain sufficient allegations to invoke our original jurisdiction in mandamus. We issued an alternative writ and the proceeding was placed upon our February calendar for argument. However, argument was waived and the matter submitted upon the briefs on file. The pertinent code sections provide as follows:

Section 1138: "Parties to a question in difference, which might be the subject of a civil action, may, without action, agree upon a case containing the facts upon which the contro-

versy depends, and present a submission of the same to any court which would have jurisdiction if an action had been brought; but it must appear, by affidavit, that the controversy is real and the proceedings in good faith, to determine the rights of the parties. The Court must thereupon hear and determine the case, and render judgment thereon, as if an action were depending.''

Section 1139: ''Judgment must be entered as in other cases, but without costs for any proceeding prior to the trial. The case, the submission, and a copy of the judgment constitute the judgment roll.''

Section 1140: ''The judgment may be enforced in the same manner as if it had been rendered in an action in the same court, and is in the same manner subject to appeal.''

We have concluded that this court has no original jurisdiction under the code sections which govern the submission of a controversy without action.

■ Our jurisdiction is prescribed by article VI, section 4b of the California Constitution. That section, after prescribing the appellate jurisdiction of the district courts of appeal, provides, in respect of original jurisdiction, that:

''. . . The said courts shall also have power to issue writs of mandamus, certiorari, prohibition and habeas corpus, and all other writs necessary or proper to the complete exercise of their appellate jurisdiction.''

Volume 1, Witkin, California Procedure, page 182, states:

''The jurisdiction of the Supreme Court and district courts of appeal is fixed in the Constitution. . . . The jurisdiction of the superior courts is also set forth in the Constitution . . . , though it is not 'fixed' therein in the same sense as is the jurisdiction of the higher courts. . . .

''The rule is well established that the constitutional provisions are not only a grant but a limitation, and that the Legislature has no power to enlarge the jurisdiction of these courts.''

We quote the following from the same author, volume 1, page 244, under the heading ''Original Jurisdiction'':

''The original jurisdiction of the district court of appeal to issue writs of mandamus, certiorari, prohibition, habeas corpus, and other unspecified writs, is declared in the same language as that of the Supreme Court.''

■ We think it is clear from a consideration of the constitutional provisions referred to, along with the sections of the Code of Civil Procedure governing the submission of

controversies without action, that this court has no original jurisdiction of such proceedings and cannot try and render judgment therein.

█ Turning now to the consideration of the pleading as a petition in mandamus, we note that in *In re City & County of San Francisco*, 195 Cal. 426 [233 P. 965], the Supreme Court said:

"This application for a writ of mandate was presented to this court upon an agreed statement of facts. The petitioners purport to make the application under the provisions of Sections 1138 to 1140, inclusive, of the Code of Civil Procedure, which relate to the submission of controversies which might be the subject of a civil action to courts which would have jurisdiction of such action, upon an agreed statement of facts. It is not necessary to determine whether these sections of the code have application to the submission of causes to this court, since the facts set forth in the application herein would suffice to support the issuance of a writ of mandate if, as a matter of law, such writ should issue."

The same practice was followed by the Supreme Court in *In re California Toll Bridge Authority*, 212 Cal. 298, 309 [298 P. 485]. Therein the court said:

"While the parties to the controversy sought to submit it to the court without action, under the provisions of sections 1138 to 1140 of the Code of Civil Procedure, we have elected to treat it as an application for a writ of mandate, following our action in *City & County of San Francisco* v. *Boyle*, 195 Cal. 426 [233 P. 965]."

The agreed case as stated in the petition contains the following assertions: That petitioner is a duly organized county water district and that in the formation thereof the applicable statutory provisions were fully complied with; that there has been formed within petitioner district an improvement district in the formation of which all applicable statutory requirements have been complied with; that proceedings have been taken by the district whereunder there has been authorized the issuance of bonds to obtain funds wherewith to construct improvements within the improvement district necessary and convenient for the service of water to the lands within that district, the bonds to constitute a lien upon such lands; that these proceedings have progressed to the point where the issuance of bonds has been duly authorized but that at that point the respondent secretary of the water district has announced that, in his view, the bonds will be

invalid and void for various reasons advanced by him, having to do with the legal existence of the water district itself, as well as the legality of the proceedings to form the improvement district therein, and the legality of proceedings taken for the authorization of the bonds. The agreed case meticulously traces all steps taken in the formation of the water district and of the improvement district and in the authorization for the issuance and sale of the bonds. The reasons why petitioner desires that this court accept original jurisdiction of the petition are set forth and it is asserted in the supporting briefs that, notwithstanding the bonds have not been printed or submitted to respondent for execution by him as secretary of the water district, that is, notwithstanding the fact that the time for the performance of the act herein sought to be compelled has not arrived, yet mandamus is warranted in view of the declarations of the respondent aforesaid. Says petitioner: "The bonds have not been printed and Respondent cannot therefore actually sign. However, Respondent has publicly announced his intention to refuse to sign and his reasons, and an adjudication by an appellate court of the questions he raises is essential if the bonds are to be successfully marketed with a merchantable legal opinion." Petitioner cites in support of the foregoing assertions 32 California Jurisprudence 2d, page 130, and *Imperial Mutual Life Ins. Co.* v. *Caminetti,* 59 Cal.App.2d 494, 498 [139 P.2d 693]. The authorities cited do not sustain petitioner's contentions. ██ We quote the following from 32 California Jurisprudence 2d, page 130:

". . . [M]andamus is never granted to compel performance of an act until there has been an actual, as distinguished from an anticipated, refusal."

The text cites in support of the foregoing the following cases: *George* v. *Beaty,* 85 Cal.App. 525 [260 P. 386]; *McMullen* v. *Glenn-Colusa Irr. Dist.,* 17 Cal.App.2d 696 [62 P.2d 1083]; *Friedland* v. *Superior Court,* 67 Cal.App.2d 619 [155 P.2d 90]; *Palmer* v. *Fox,* 118 Cal.App.2d 453 [258 P.2d 30] and *Berkeley Unified School District* v. *City of Berkeley,* 141 Cal.App.2d 841 [297 P.2d 710].

██ In *Communist Party* v. *Peek,* 20 Cal.2d 536, 540 [127 P.2d 889], the court said:

". . . Neither can the court's order sustaining general demurrers to the petition for a writ of mandate be challenged successfully. Plaintiffs sought in their petition to compel the performance of future acts which, it was alleged, the de-

fendants would refuse to perform when performance became due. Mandamus will not lie to compel the performance of future acts, and for that reason the general demurrers to the petition for the writ were properly sustained.''

*Imperial Mutual Life Ins. Co.* v. *Caminetti, supra,* relied upon by petitioner, presented a situation which renders inapplicable here what was there said in respect of the matter now under discussion. The petitioning insurance company had been engaged in business from 1927, operating pursuant to a certificate of authority originally issued by the commissioner of insurance and renewed each year thereafter until 1940. The certificate expired annually on July 1st unless sooner revoked. Commissioner Caminetti had refused the renewal of the license for the period July 1, 1940 to July 1, 1941. By stipulation he had extended the existing certificate from time to time, the last extension expiring June 15, 1941. During the time covered by the stipulation, a controversy arose which gave rise to litigation between the parties. On June 6, 1941, the petitioner applied for a renewal of its certificate for the period July 1, 1941 to July 1, 1942 and the commissioner refused any further extension after June 15, 1941. On June 13th the petitioner began the proceeding in mandamus. Responsive to Caminetti's assertion that, insofar as the petition for the writ applied to the fiscal year 1941-1942, the petition had been prematurely filed, the court, noting that the general rule was that the act sought to be compelled must be one to the performance of which the party was entitled at the time the proceeding in mandate was instituted, declared that the rule was subject to a kindred rule that mandate might be resorted to when it appeared from the conduct or declarations of the officer that he did not intend to comply with an obligation to renew a permit or grant a license when the time for such action arrived. Under those circumstances, and relying upon the general equity rule forbidding piecemeal litigation, the appellate court held the circumstance justified the peremptory writ since, before the trial, the time for the issuance of the renewal certificate had arrived. No comparable situation is presented here. No reason is given why the bonds, after authorization, had not been printed and presented to the secretary of the district for his signature. If and when those bonds are printed and presented the duty of the secretary of the district to execute them in the name of the district, if they have been legally authorized, will be a heavy duty, the refusal to perform which will call for a high degree of certainty on the part of the secretary that a

refusal would be justified. We cannot assume that when the respondent secretary is presented with the bonds he will then refuse to sign them. Under the circumstances, our conclusion is that no peremptory writ can issue for the reasons stated.

Notwithstanding that the petition for the writ states no cause of action and that, therefore, this proceeding must end with a discharge of the alternative writ and a refusal to issue a peremptory writ, we have considered seriously the propriety of examining into the merits of the controversy in view of the alleged urgency, but have concluded that it would be improper for us to do so. We see no compelling reason for departing from the long established rule that courts will concern themselves only with issues which require a decision that can eventuate in a binding judgment.

For the reasons given, the peremptory writ is denied and the alternative writ heretofore issued is discharged.

Peek, J., and Schottky, J., concurred.