[Civ. No. 6609. Fifth Dist. Oct. 27, 1981.]

JO ANE DOLORES VILLA, Petitioner, v.
THE SUPERIOR COURT OF MERCED COUNTY, Respondent;
ALLEN DALE MICHALEC, Real Party in Interest.

COUNSEL

Thomas J. Keene and Howard K. Watkins for Petitioner.

Russell M. Koch, County Counsel, and William E. Gnass, Assistant County Counsel, for Respondent.

No appearance for Real Party in Interest.

OPINION

**THE COURT.\*—**

STATEMENT OF FACTS

On July 23, 1981, petitioner filed an application to proceed in forma pauperis pursuant to California Rules of Court, rule 985[1] (hereafter "petitioner's application") and an "application and declaration for order prohibiting domestic violence" in Merced County Superior Court action No. 67092. Petitioner's application was in the form required by California Rules of Court, rule 982(a)(17).[2] On her application petitioner

---

\*Before Franson, Acting P. J., Andreen, J., and McIntosh, J.†

[1]See footnote 4, *post.*

[2]See California Rules of Court, rules 985(a) and 985(b), quoted in footnote 4, *post.*

---

†Assigned by the Chairperson of the Judicial Council.

marked the appropriate box labeled 2(a) to establish that she was receiving financial assistance under the aid to families with dependent children program.

On that same day respondent court filed an order granting the application in part and denying it in part. Petitioner was permitted to proceed in action No. 67092 without payment of any court fees or costs listed in California Rules of Court, rule 985(i), except for a library fee of $7 and a reporter's fee of $12. No reasons were given in the order for denying the application in part.

Petitioner paid the library fee and the reporter's fee.

On July 30, 1981, petitioner filed a writ of mandate in this court seeking to compel respondent court to grant her application as to all fees listed in California Rules of Court, rule 985(i), and to grant all similar applications in the future.

On August 10, 1981, respondent court filed an order *sua sponte* in action No. 67092 directing that the court reporter's fee of $12 be refunded to petitioner. In that order the respondent court held that in the future all of the fees and costs listed in California Rules of Court, rule 985(i), will be waived when box 2(a) on an application pursuant to California Rules of Court, rule 982(a)(17), is marked.

The library fee paid by petitioner has not been refunded by respondent court.

### DISCUSSION

The Constitution of the State of California vests in the Judicial Council the power to "adopt rules for court administration, practice and procedure, not inconsistent with statute." (Cal. Const., art. VI, § 6.) (1) The Rules of Court promulgated by the Judicial Council have the force of positive law and must be complied with provided they do not conflict with any act of the Legislature. (*Brooks* v. *Union Trust etc. Co.* (1905) 146 Cal. 134, 138 [79 P. 843]; cf. *In re Marriage of McKim* (1972) 6 Cal.3d 673, 678, fn. 4 [100 Cal.Rptr. 140, 493 P.2d 868].)

In Government Code section 68511.3[3] the Legislature directed the Judicial Council to formulate and adopt rules of court to enable litigants to proceed in forma pauperis. Government Code section 68511.3 requires "that permission to proceed in forma pauperis be granted . . . to litigants who declare under penalty of perjury that they are receiving benefits pursuant to . . . the Aid to Families with Dependent Children (AFDC) program . . . ." (Gov. Code, § 68511.3, subd. (5)(a).) Government Code section 68511.3 also requires, ". . . in the event of a denial of such permission, a written statement detailing the reasons for denial and an evidentiary hearing where there is a substantial evidentiary conflict. . . ." (Gov. Code, § 68511.3.)

■ Pursuant to the statutory mandate in Government Code section 68511.3, the Judicial Council adopted rule 985, California Rules of Court.[4] The above quoted provisions of Government Code section

[3]Government Code section 68511.3 provides as follows: "Not later than January 1, 1981, the Judicial Council shall formulate and adopt uniform forms and rules of court for litigants proceeding in forma pauperis. Such rules shall provide: (1) for standard procedures for considering and determining applications for permission to proceed in forma pauperis, including, in the event of a denial of such permission, a written statement detailing the reasons for denial and an evidentiary hearing where there is a substantial evidentiary conflict; (2) for standard procedures to toll relevant time limitations when a pleading or other paper accompanied by such an application is timely lodged with the court and delay is caused due to the processing of the application to proceed in forma pauperis; (3) for proceeding in forma pauperis at every stage of the proceedings at both the appellate and trial levels of the court system; (4) for the confidentiality of the financial information provided to the court by such litigants; and (5) that permission to proceed in forma pauperis be granted (a) to litigants who declare under penalty of perjury that they are receiving benefits pursuant to the Supplemental Security Income (SSI) and State Supplemental Payments (SSP) programs (Sections 12200-12205.2 of the Welfare and Institutions Code), the Aid to Families with Dependent Children (AFDC) program (42 United States Code 601-644), the Food Stamp program (7 United States Code 2011-2027) or Section 17000 of the Welfare and Institutions Code and (b) to litigants who declare under penalty of perjury that their monthly income is 125 percent or less of the current monthly poverty threshold annually established by the Community Services Administration pursuant to Section 625 of the Economic Opportunity Act of 1964, as amended. Such rules shall further provide that the court shall grant permission to proceed in forma pauperis in any other instance in which, in its discretion, such permission is appropriate because the litigant is unable to proceed without using money which is necessary for the use of the litigant or the litigant's family to provide for the common necessaries of life."

[4]California Rules of Court, rule 985, provides in pertinent part as follows: "(a) An application to proceed in forma pauperis shall be in the form prescribed by rule 982(a)(17). An application for waiver of additional court fees and costs under subdivision (j) shall be in the form prescribed by rule 982(a)(20). . . .

"(b) *The application under rule 982(a)(17) shall be granted and payment of court fees and costs listed in subdivision (i) shall be waived if the applicant meets the stan-*

68511.3 are incorporated in California Rules of Court, rules 985(b) and 985(d). California Rules of Court, rule 985, is therefore consistent with statutory law, and strict compliance with that rule is required. (*Brooks v. Union Trust etc., Co., supra*, 146 Cal. at p. 138.)

■ California Rules of Court, rule 985, provides that when the court grants an application to proceed in forma pauperis the applicant shall be relieved of the requirement that he or she pay the fees and costs listed in California Rules of Court, rule 985(i). The issue before this court is what fees and costs are included in California Rules of Court, rule 985(i).

---

dards of eligibility established by subdivision (5)(a) or (5)(b) of Government Code section 68511.3. The application under rule 982(a)(20) shall be granted and payment of those court fees and costs listed in subdivision (j) that the court finds necessary shall be waived if the applicant meets the standards of eligibility established by subdivision (5)(a) or (5)(b) of Government Code section 68511.3. Any other order granting the application under that section or otherwise may waive payment of part or all of the fees and costs.

"..............................

"(d) The court shall consider and determine the application in accordance with Government Code section 68511.3. An order determining an application for in forma pauperis status shall be in the form prescribed by rule 982(a)(18). *An order denying the application, in whole or in part, shall include a statement of reasons as required by Government Code section 68511.3....*

"..............................

"(f) If the court determines within five court days after the application is filed that there is substantial evidentiary conflict concerning the applicant's eligibility for in forma pauperis status, the clerk shall promptly give the applicant no less than ten days' written notice of a hearing. To ensure confidentiality of the applicant's financial information the hearing shall be held in private and the court shall exclude all persons except court attaches, the applicant, those present with the applicant's consent, and any witness being examined.

"..............................

"(i) Court fees and costs waived upon granting an application under rule 982(a)(17) include but are not limited to: [¶] (1) Clerk's fees for filing papers; [¶] (2) Clerk's fees for reasonably necessary certification and copying; [¶] (3) Clerk's fees for issuance of process and certificates; [¶] (4) Clerk's fees for transmittal of papers; [¶] (5) Court appointed interpreter's fees for parties in small claims actions; [¶] (6) Sheriff's, marshal's and constable's fees pursuant to article 7 of title 3 of division 2 of the Government Code; [¶] (7) Reporter's fees for attendance at hearings and trials held within 60 days of the date of the order granting the application.

"(j) The court fees and costs that may be waived upon application under rule 982(a)(20) include: [¶] (1) Jury fees and expenses; [¶] (2) Court appointed interpreter's fees for witnesses; [¶] (3) Witness fees of peace officers whose attendance is reasonably necessary for prosecution or defense of the case; [¶] (4) Reporter's fees for attendance at hearings and trials held more than 60 days after the date of the order granting the application; [¶] (5) Witness fees of court appointed experts; [¶] (6) Other fees or expenses as itemized in the application." (Italics added.)

This court rejects the argument of respondent that California Rules of Court, rule 985(i), should be construed narrowly to exclude library fees (Bus. & Prof. Code, § 6320 et seq.), judges' retirement fees (Gov. Code, § 26822.3) and mediation fees (Gov. Code, § 26840.3) (hereafter "disputed fees"). One category of fees and costs which are waived under subdivision (i) on appropriate application is "Clerk's fees for filing papers." (Cal. Rules of Court, rule 985(i)(1).) California Rules of Court, rule 985(i), encompasses any fee which an indigent must pay in order to take any step which is essential to initiating or maintaining a civil action. (Cf. Cal. Rules of Court, rule 985(i), with rules 985(b) and 985(j).) The disputed fees were required to be paid to the county clerk before petitioner could initiate her action in superior court. (Gov. Code, §§ 6100, 26820, 26822.3, 26840.3, Bus. & Prof. Code, § 6321.) Therefore, the disputed fees come within the class of fees and costs which are waivable under California Rules of Court, rule 985(i). Furthermore, since the county clerk was required to collect the disputed fees before petitioner would be allowed to file her action, those fees amount to "Clerk's fees for filing papers" and come within the express language of California Rules of Court, rule 985(i)(1).

Respondent contends that if the Judicial Council had intended the disputed fees to be included in the fees waived pursuant to California Rules of Court, rule 985(i), the Judicial Council would have included in California Rules of Court, rule 985(i), the term "total fees" as defined in Government Code section 26820.6.[5] California Rules of Court, rule 985, became effective on the same day that Government Code section 26820.6 became effective. When the Judicial Council drafted California Rules of Court, rule 985, the term "total fees" had not been defined by any established law. Therefore, the absence of the phrase "total fees" from California Rules of Court, rule 985(i), does not establish that the Judicial Council intended to exclude the disputed fees from rule 985(i). Therefore, respondent's contention is meritless.

---

[5]Government Code section 26820.6 provides as follows: "The term 'total fee' as used in Sections 26820.4, 26826, and 26827, includes the clerk's fee, the amount allocated to the Judges' Retirement Fund pursuant to Section 26822.3, any amount allocated to the court reporter fund, and the law library fee pursuant to Article 2 (commencing with Section 6320) of Chapter 5 of Division 3 of the Business and Professions Code. The fees authorized for the maintenance of the conciliation court pursuant to Sections 26840.3 and 26840.4 may be included in the total fee, or may be in addition thereto, as determined by the board of supervisors pursuant to Section 68090."

Petitioner filed in respondent court the appropriate application for permission to proceed without payment of the court costs and fees specified in California Rules of Court, rule 985(i). California Rules of Court, rule 985, required respondent court to waive the requirement that petitioner pay all fees included in California Rules of Court, rule 985(i). As discussed above, library fees constitute one of the fees encompassed by California Rules of Court, rule 985(i). Respondent granted the application in part but erroneously required petitioner to pay a library fee of $7. Therefore, the trial court abused its discretion when it required petitioner to pay a library fee of $7.[6]

It would be inappropriate to grant petitioner's request to issue a writ directing respondent to approve in the future all applications to waive the payment of the fees listed in California Rules of Court, rule 985(i), which are supported by affidavits establishing that the applicants are indigent, unless there is good cause to doubt the truthfulness of said affidavits. Such a writ would merely direct respondent to conform to the law as declared in this opinion. Mandamus should not issue upon the possibility that respondent will act contrary to the law. (Cf. *Metropolitan Life Ins. Co.* v. *Rolph* (1920) 184 Cal. 557, 562-564 [194 P. 1005]; *Northridge etc. Water Dist.* v. *McDonell* (1958) 158 Cal.App.2d 123, 127 [322 P.2d 25].)

Respondent's argument that the petition in this action should be denied because petitioner failed to petition the superior court for relief is meritless. The application filed by petitioner pursuant to California Rules of Court, rules 982(a)(17) and 985, was made to the superior court and denied. Another request to the superior court would be futile. (Cf. *Fitch* v. *Superior Court* (1972) 24 Cal.App.3d 492, 495 [101 Cal. Rptr. 227].)

Petitioner is entitled to appropriate relief. (Code Civ. Proc., § 1085; see *Whitney's at the Beach* v. *Superior Court* (1970) 3 Cal.App.3d 258, 266 [83 Cal.Rptr. 257].) A peremptory writ of mandate is proper and should issue. (Code Civ. Proc., § 1088, *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

---

[6]Respondent also erred when it failed to include in its order denying in part petitioner's application the statement of reasons required by California Rules of Court, rule 985(d). (See fn. 4, *ante.*) However, this error does not have to be corrected because of the relief granted in this decision.

Let a peremptory writ of mandate issue directing the Merced County Superior Court to vacate its "order on application for waiver of court fees and costs" filed in Merced County Superior Court action No. 67092 on July 23, 1981, to enter a new order in said action granting in accordance with this decision petitioner's "application for waiver of court fees and costs" filed in said action on July 23, 1981, and to enter an order in said action directing the County Clerk of Merced County to refund to petitioner the $7 petitioner paid as a library fee.

Insofar as the petition requests relief in addition to that granted above, said petition is denied.