[Civ. No. 6462. First Appellate District, Division Two.—July 30, 1928.]

A. R. HARTSOCK et al., Petitioners, v. FRANK C. MERRITT, City Clerk, etc., Respondent.

Frederick Dubovsky for Petitioners.

Preston Higgins, City Attorney, C. Stanley Wood, Assistant City Attorney, and Alfin N. Nelson, Deputy City Attorney, for Respondent.

NOURSE, J.—The petitioner has moved for a peremptory writ of mandate upon a petition which he has filed alleging that the respondent, as city clerk of the city of Oakland, has arbitrarily, and through coercion on the part of his superiors, fraudulently refused to certify as sufficient a petition filed with him asking for an election to vote upon the question of the recall of C. C. Young, one of the commissioners of said city. The respondent has filed a demurrer and answer at the same time and the cause has been submitted on briefs.

In support of the demurrer the respondent argues that his action in rejecting the petition, no matter how arbitrary or fraudulent it may be, is conclusive and cannot be controlled by court action. In support of this argument he cites a former decision of this court—*Fraser* v. *Cummings*, 48 Cal. App. 504 [192 Pac. 100]. In that case we held that the people of the city of Oakland "have in their charter conferred upon the city clerk the exclusive power to finally determine whether a recall petition conforms to all requirements of the charter and they have thereby denied

to the courts the power of reviewing such determination in a proceeding of this kind.'' But in the same paragraph we added that ''What might be done in a case where fraud is shown need not be determined because the petition here does not pretend to allege any fraud.''

It is the duty of the city clerk to examine the individual certificates for the purpose of ascertaining whether they comply with the requirements of the charter, and if a sufficient number of valid certificates are filed, he must certify that fact to the council and the election must then be called. (*Ratto* v. *Board of Trustees*, 75 Cal. App. 724 [243 Pac. 466].) The citizen is entitled to have this duty performed honestly and fairly, and if it is shown to have been done fraudulently or arbitrarily the action may be controlled by *mandamus*. Such, in fact, was the ruling in *Fraser* v. *Cummings, supra,* and this is supported by all the authorities.

The duty of the clerk is not judicial (*Wright* v. *Engram*, 186 Cal. 659 [201 Pac. 788]). The charter requires him ''to examine said petition to ascertain whether or not it conforms to all the requirements of this charter.'' He is not clothed with authority to receive extraneous evidence (*Ratto* v. *Board of Trustees,* 75 Cal. App. 724, 726 [243 Pac. 466]), but must determine, from the face of the petition, whether it is ''substantially'' in the form outlined in the charter, and, from the records of registration, whether it is signed by the required number of qualified electors. In addition to this he must determine whether the petition has been verified before a notary public or duly qualified verification deputy. If a petition in due form is signed by one who is, in fact, a qualified elector, and verified by him before one who is, in fact, a duly qualified notary public or verification deputy, it may not be rejected because of any fanciful notion which the clerk may have. When these facts exist, his rejection of the certificate on the ground that it is ''insufficient'' is merely an erroneous conclusion upon a matter of law (*Dufton* v. *Daniels,* 190 Cal. 577, 581 [213 Pac. 949]), and a breach of that public duty which the writ of mandate is designed to control. (Sec. 1085, Code Civ. Proc.; *Tulare Water Co.* v. *State Water Com.,* 187 Cal. 533, 538 [202 Pac. 874]; *Conn* v. *City Council,* 17 Cal. App. 705, 714 [121 Pac. 714, 719].)

As illustrative of the point, the petitioner here alleges that the respondent fraudulently marked on individual certificates a precinct number other than that in which the elector resided and then rejected the certificate on the ground that such elector was not registered in the precinct designated. It is also alleged that the certificates of a large number of qualified electors were rejected solely because the elector signed his or her name differently from that appearing on the register of voters. The charter calls for a petition "signed by qualified electors." It does not require the signatures to be identical with those on the affidavits of registration. (*Conn* v. *City Council, supra,* p. 713.)

It is unnecessary to discuss the petition further. It states a cause of action and the demurrer must be overruled. The answer denies certain material allegations of the petition, and, though in many instances these denials are in conflict with public records prepared by the same respondent, we deem it proper to order a reference in order that findings may be had and the proceedings finally determined. It is therefore ordered that the matter of ascertaining the truth of the allegations of fact hereinafter detailed be referred to Judge J. T. B. Warne to take evidence and make findings thereon, at such time and place as he may direct, and to transmit his findings to this court for further proceedings. The questions of fact thus referred are: The number of individual certificates, if any, wrongfully rejected by the respondent under the separate headings specified in paragraph XIX of the petition, and the total number of valid certificates filed with the respondent in addition to those certified as valid by him, as admitted in the pleadings, and the total number of withdrawals thereof. It is further ordered that said referee take such evidence as may be offered upon the issue pleaded that respondent's rejection of any of said certificates was wrongful, arbitrary, or fraudulent, and that all the evidence on that issue be transmitted to this court for further proceedings.

Pending the report of said referee, and until the further order of this court, the submission of all other matters

connected with this proceeding is set aside. The clerk of this court is directed to transmit to said referee a certified copy of this order.

Warne, P. J., *pro tem.*, and Sturtevant, J., concurred.