[Civ. No. 6462. First Appellate District, Division Two.—October 23, 1928.]

A. R. HARTSOCK et al., Petitioners, v. FRANK C. MERRITT, as City Clerk, etc., Respondent.

Frederick Dubvosky for Petitioners.

Preston Higgins, City Attorney, C. Stanley Wood, Assistant City Attorney, and Alfin N. Nelson and John W. Collier, Deputies City Attorney, for Respondent.

NOURSE, J.—The petitioner moved for a peremptory writ of mandate to require the respondent, the city clerk of the city of Oakland, to certify as sufficient a petition filed with him asking for an election to vote upon the recall of C. C. Young, one of the commissioners of said city, and purporting to have been signed by the required number of qualified voters of said city. The respondent filed a demurrer and answer to the petition. The demurrer was

overruled and the legal questions involved in the proceedings were disposed of at that time (*Hartsock* v. *Merritt*, 93 Cal. App. 365 [269 Pac. 757]), but the allegations of the answer raised issues of fact upon which findings were necessary to be had before the proceeding could be finally determined. Those issues of fact were referred to the Hon. J. T. B. Warne, a judge of the superior court, for trial and determination and following the trial pursuant to said reference written findings thereon have been made and filed herein. The petitioner now moves that these findings of fact be adopted by this court, that a peremptory writ issue, and that the exhibits consisting of individual certificates of electors asking for the recall election be withdrawn.

The said referee, after a painstaking and impartial trial of all the issues referred to him, running from September 17th to October 1st, of this year, has found that a large number of individual certificates were wrongfully and arbitrarily rejected by the respondent; that such certificates conform to all the requirements of the provisions of the charter of the city of Oakland and that there were filed with the respondent 8,769 valid and sufficient individual certificates, a number in excess of that required by the charter for the purpose of calling the election.

The referee was further directed to transmit to this court all the evidence offered upon the issue pleaded, that respondent's rejection of any of the said certificates was wrongful, arbitrary, or fraudulent. This evidence has been transmitted with the referee's report, and in addition thereto he has found that the action of the respondent was not fraudulent but that his rejection of 1,400 individual certificates was wrongful and arbitrary. The purpose of bringing the evidence upon this issue before us was to enable this court to determine whether the case presented was one warranting the exercise of the extraordinary writ of *mandamus* to control the action of a public official in whom discretionary powers are vested.

█ The general rule is that *mandamus* does not lie to compel a public official to exercise his discretion in any particular manner, but where the law imposes upon him specific duties and he either whimsically or arbitrarily refuses to perform those duties, or where his refusal to perform is based upon an erroneous conclusion of his

legal duties, or where the right of the individual is so fixed that the refusal of the official to act is a clear abuse of discretion, *mandamus* is the proper remedy. (*In re Holmes*, 187 Cal. 640, 647 [203 Pac. 398]; *Dufton* v. *Daniels*, 190 Cal. 577, 580 [213 Pac. 949]; *Bleuel* v. *City of Oakland*, 87 Cal. App. 594 [262 Pac. 477].)

Such is the case presented here. Upon the written findngs on file herein, and upon the evidence transmitted therewith from which we find that the action of the respondent was wrongful and arbitrary and a clear abuse of discretion, and upon the matters heretofore decided on demurrer, we conclude that a peremptory writ of mandate should issue as prayed for in the petition herein filed.

The motion of the petitioner is therefore granted, and the writ will issue as prayed. The petitioners are to recover their costs herein from the city of Oakland, a municipal corporation.

Sturtevant, J., and Warne, P. J., *pro tem.*, concurred.