[Civ. No. 19538. Second Dist., Div. One. June 12, 1953.]

MARGUERITE A. PALMER et al., Respondents, v. WILLIAM J. FOX, as Chief Engineer, etc., et al., Appellants.

Donald Armstrong for Appellants.

Loren Miller and Harold J. Sinclair for Respondents.

SCOTT (Robert H.), J. pro tem.—Plaintiffs are husband and wife who own vacant residential property in the city of Palos Verdes Estates, county of Los Angeles. They desire to construct on their property a single family residence.

A petition for a writ of mandate was filed in the trial court seeking to compel the issuance of a building permit to enable them to proceed with the construction. It named as principal defendant the chief engineer of the county department of building and safety. He had been employed under contract with the city of Palos Verdes Estates to process applications and issue permits for construction within the city. The latter had adopted the Los Angeles County building code as its own. A deputy was assigned to represent defendant Fox in this matter and kept office hours in that city for that purpose.

Plaintiff husband left plans and application for permit with the deputy and upon plaintiff's return to get his building permit was told that he would have to see the city clerk, who in turn told plaintiff he would not be able to get a permit because of deed restrictions prohibiting the use of property in Palos Verdes Estates by non-Caucasians. Plaintiff took his plans and left the office.

At the trial of this action the plans and specifications were introduced in evidence. It then appeared that changes in them were necessary to make them conform to the requirements of the building code. They were withdrawn and modified and were reintroduced in evidence. The trial court then found that they fully complied with all legal requirements, concluded that plaintiffs were entitled to have a permit and ordered defendant to issue one to them.

Defendant offers no excuse for the conduct of his deputy in referring plaintiff to the city clerk, or the conduct of the latter who "held an erroneous opinion concerning the legality of racial deed restrictions" and who "had no authority in the matter whatsoever."

Mandamus is never granted to compel the performance of an act until there has been actual as distinguished from

an anticipated refusal. (*Friedland* v. *Superior Court*, 67 Cal. App.2d 619, 628 [155 P.2d 90].) It is apparent that the referral by defendant's deputy was in effect a refusal to act. "Any conduct on the part of the officer or tribunal under a duty to perform signifying unequivocal intention not to do so amounts to a refusal." (55 C.J.S. 66.) Plaintiff was at that time entitled to have his plans processed or to have some legally sufficient reason stated to him why defendant refused to do so. Defendant concedes that the evidence clearly shows that the only person in the offices of the city of Palos Verdes Estates who was authorized to accept plaintiff's application and to act thereon was his deputy. It nowhere appears that defendant thereafter offered to accept plaintiff's plans for processing, and his refusal must be deemed to have continued up to the time when this action was commenced. "The petitioners' right to relief is determinable by the facts as they existed at the time the petition was filed" (*American Dist. Tel. Co.* v. *City Council, Sausalito,* 34 Cal.2d 660, 666 [213 P.2d 704, 18 A.L.R.2d 1247]).

 "The act which will be compelled by *mandamus* must be one to the performance of which the complaining party is entitled at the institution of his proceeding. It is the refusal or neglect to perform an act which is enjoined by the law as a present duty that serves as the very foundation for the proceeding." (*McGinnis* v. *Mayor & Common Council,* 153 Cal. 711, 715 [96 P. 367].)

 "Among the rules by which courts are guided in the issuance of writs of mandate are the following: (1) The writ will issue, in a proper case, to compel the exercise of discretion; (2) It will never issue to control discretion, either before or after the exercise thereof; (3) In a proper case, the writ will issue to correct an abuse of discretion. An abuse of discretion, however, is not the exercise of discretion but action beyond the limits of discretion. (4) It will issue only where the act to be commanded is certain, definite, and fixed. Where discretion has not been exercised, the definite thing commanded is to act. Where the limits of discretion have been exceeded, the definite command is to act within such limits." (*Browning* v. *Dow,* 60 Cal.App. 680, 682 [213 P. 707].)

Plaintiffs are now entitled to have their plans and specifications processed by defendant. When these conform to the provisions of the building code as amended to date, and when plaintiffs have complied with certain other requirements im-

posed, defendant should issue them a permit. In the time elapsed since the trial of this action it may well be that building code provisions have been amended, and plaintiffs are entitled to prompt and courteous treatment by defendant in modifying their plans so that in every detail they will conform to present code provisions.

█ While it is the general rule that mandamus will not lie to control the discretion of the public official, meaning by that that it will not lie to force the exercise of discretion in a particular manner, mandamus will lie to correct abuses of discretion and to force a particular action by the officer when the law clearly establishes petitioner's right to such action. (*Inglin* v. *Hoppin,* 156 Cal. 483, 491 [105 P. 582].) █ The writ will issue where the duty is one specifically enjoined by reason of an office, trust, or station (Code Civ. Proc., § 1085) or where the law imposes upon such officer specific duties which he refuses to perform because of an erroneous conclusion as to his legal duties (*Hartsock* v. *Merritt,* 94 Cal. App. 431 [271 P. 381]), or where petitioner is entitled by law to a certain action (*Inglin* v. *Hoppin, supra). Consolidated Printing & Pub. Co.* v. *Allen,* 18 Cal.2d 63, 66 [112 P.2d 884].

Two other interesting considerations enter into the case. The first relates to the ''Palos Verdes Estates Art Jury.'' The contract between defendant and the city provides: ''County agrees that no permit shall ·be granted hereunder unless building plans for any building inspected shall first have been approved by the Palos Verdes Art Jury.'' Blueprints of original plans dated June 17, 1950, in evidence in this case, bear the stamp: ''Palos Verdes Art Jury—design approved R.R.S. Oct. 12, 1950. The approval of this plan shall not be held to permit or approve the violation of any protective restrictions, amendments or ordinances of Palos Verdes Estates. Any deviation from approved plan must have approval of art jury prior to execution. A certificate of completion will be issued only subject to above.''

The trial court undertook to dispense with the approval of the plans as amended by the Palos Verdes Estates art jury, because it found that the jury has only the right and power to approve design and color, and that the changes did not alter the design or color. It further found ''that there is no necessity or authority of the said Art Jury to require a second approval of the aforesaid plans and specifications'' (referring to those amended during the trial). This issue

was not raised by the pleadings and the Palos Verdes Estates art jury was not a party defendant either as a body or as individual members thereof. They would in no way be bound by the judgment and without their approval defendant could not under his contract issue a permit. If it be asked whether the art jury was not an agency of the city council which was named as a party defendant, we are confronted with the trial court's conclusion that defendant city council had no function to perform and its judgment "that plaintiffs take nothing from defendant City Council of Palos Verdes Estates."

██ Mandamus "will not generally be granted where its operative effect and the thing to be done depend upon the act, approval, or co-operation of a third person, not a party to the proceedings, since its issuance under such circumstances would ordinarily be nugatory, the court having no power to coerce the action of such third person." (34 Am.Jur. 865.) The opinion of the trial court as expressed in its findings, after hearing the testimony from all interested parties, justifies the belief that approval by the Palos Verdes art jury of amended plans and specifications will not be withheld because plaintiffs' residence, when constructed, would not meet its requirements. We may not assume that the art jury will fail or refuse to act or will abuse the discretion vested in it. Issuance of the permit by defendant is merely the completion by him of the processing of plaintiffs' plans and he would have no right or duty to withhold the permit when plaintiffs have complied with the prerequisites for its issuance.

██ When an official is required and authorized to do a prescribed act upon a prescribed contingency, his functions are ministerial only, and mandamus may be issued to control his action upon the happening of the contingency. (16 Cal.Jur. 813, *Drummey* v. *State Board of Funeral Directors & Embalmers,* 13 Cal.2d 75, 83 [87 P.2d 848].)

The second consideration relates to restrictions as to setback lines which the trial court found defendant need not notice or enforce. We find no expressed resistance on the part of plaintiffs to restrictions which are legally proper and assume that plans as finally amended and submitted will be proper in those respects. If for any reason they are not, our decision in this case would not preclude appropriate legal action to declare and enforce rights not determined in these proceedings.

The case is remanded with direction to the trial court to

amend its judgment so that the writ issued to defendant will require the latter to facilitate the processing of plaintiff's application for a building permit and to point out any amendments in plans and specifications necessary so that they will fully comply with present building code requirements, and that when these plans and specifications as amended have been approved by the Palos Verdes Estates art jury the defendant shall issue a permit to plaintiffs for construction of their residence. As thus amended the judgment is affirmed. Each party to bear his own costs on appeal.

White, P. J., concurred.

DORAN, J.—I dissent. In my opinion the order should be reversed without qualification. Whether the plans and specifications were sufficient as originally presented was the only issue. The court found that they were not. In the circumstances the court exceeded its jurisdiction in assuming the functions of the officials vested with authority to determine the sufficiency of the specifications in the first instance. If another application is filed the requirements may not be the same.

A petition for a rehearing was denied June 29, 1953.