[Civ. No. 16854. First Dist., Div. One. Aug. 31, 1956.]

LESLIE S. TROMANHAUSER, Appellant, v. THOMAS F. FRAGA, as Judge of the Martinez Judicial District Court, Respondent.

Leslie S. Tromanhauser, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

BRAY, J.—Petitioner appeals from an order of the superior court denying "without prejudice" his petition for a writ of mandate "to activate in effectiveness appellant's Petition for an ORDER in ERROR CORAM NOBIS lying before" the judge of the Martinez Judicial District "awaiting decision."

The record in this case is extremely meager. It appears that after some sort of a criminal proceeding in the above mentioned Judicial District Court, and on March 14, 1955, a "Petition, an Application, a Motion, a Request for an ORDER or WRIT in ERROR CORAM NOBIS" was filed by petitioner with the clerk of that court. On April 26th, petitioner filed in the superior court a petition for writ of mandate to compel the judge of that Judicial District Court to do many things,[1] among others to "activate in effectiveness" appellant's petition for writ *coram nobis*. The superior court issued an alternative writ of mandamus to the judicial district court judge ordering him to show cause in the matter. The judge filed a general demurrer. The superior court thereafter denied the mandate petition "without prejudice."

 That petition is entirely devoid of facts other than that a petition for writ *coram nobis* filed March 14th remained unacted upon on April 26th, approximately 40 days later. There is no allegation that the judicial district court judge was requested to act upon it or that he refused so to do. It cannot be held that the mere delay for 40 days in passing upon such a petition without a request so to do is proof that

---

[1] It is evident from his petition that petitioner sought to have the superior court compel the lower court to set aside its action in the criminal case (whatever it was) and to decide favorably to him several motions made by him in the progress of that action. This, of course, the superior court had no power to do.

the judge refuses to pass upon it.[2] The petitioner's right to relief under his petition for writ of mandate is determinable by the facts as they existed at the time that petition was filed. (*Palmer* v. *Fox*, 118 Cal.App.2d 453 [258 P.2d 30].) Because of petitioner's failure to allege a request and a refusal, his petition for mandate failed to state a cause of action and the superior court properly denied the petition. "Before seeking mandate in an appellate court to compel action by a trial court, a party should first request the lower court to act. If such request has not been made the writ ordinarily will not issue unless it appears that the demand would have been futile." (*Phelan* v. *Superior Court*, 35 Cal. 2d 363, 372 [217 P.2d 951].)

There is no allegation here that a demand would have been futile. We must assume that the judge will do his duty and if requested to pass upon the petition for writ *coram nobis* will do so.

Judgment affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

[2]See *In re Shafter-Wasco Irr. Dist.*, 55 Cal.App.2d 484, 487 [130 P.2d 755], to the effect that section 24, article VI of the Constitution indicates an intention on the part of the People in adopting it to give a court 90 days in which to decide matters submitted to it.