[Civ. No. 20275. First Dist., Div. Two. Oct. 4, 1962.]

COUNTY OF SAN MATEO, Plaintiff and Respondent, v. PALOMAR HOLDING COMPANY et al., Defendants and Appellants.

Wagstaffe, Daba & Hulse, Carlos R. Hulse and A. J. Harwood for Defendants and Appellants.

Keith C. Sorenson, District Attorney, and Howard E. Gawthrop, Deputy District Attorney, for Plaintiff and Respondent.

AGEE, J.—Defendants appeal from a judgment enjoining them from dividing and transferring any real property owned by them in an unincorporated area of San Mateo County, commonly known as Palomar Park, unless such divisions have first been approved in accordance with certain county ordinances. The appeal is taken on the judgment roll alone.

Ordinance No. 595 is the basic subdivision ordinance and No. 977, effective March 6, 1952, is an amendment thereto. Section 2(n) of No. 977 provides as follows: "Prior to the division of an existing lot or a portion of unsubdivided acreage into four or less parcels for the purpose of creating building sites, a plat of the proposed division shall be submitted to and be approved by the Planning Director of the County of San Mateo, provided that the proposed division conforms to the requirements set forth in Section 2 of this Ordinance. In case an application is refused, the Planning Director shall notify the applicant in writing. Any person aggrieved by

any decision, determination or order of the said Director may appeal within five (5) days to the Planning Commission by filing a written indication of intention to appeal with the Secretary of the Planning Commission.

"The Planning Commission shall hear and decide appeals from any decision, determination or order made by the Planning Director. The Planning Commission shall not refuse any application involved in an appeal before it unless, in the judgment of a majority of the members of said Commission, it appears from satisfactory evidence that the proposed division would not conform to the requirements set forth in Section 2 of this ordinance."

The trial court found in accordance with the allegations of the complaint that, since the adoption of ordinance number 977, the defendants had repeatedly divided and transferred parcels of land in the Palomar Park area owned by them without submitting a plat of the proposed division to the planning director or the planning commission and without having received the approval of the planning director or of any other county official, board or commission. It found that the division of said parcels of land without the approval of the county has resulted and will result in building sites being offered to the public that are not adequately served by streets, sewers, water and other utilities, to the substantial damage of property owners in the immediate area and of the public generally. Further, finding that defendants would continue to violate the provisions of ordinance number 595, as amended by ordinance number 977, unless restrained from doing so, the court concluded that the county was entitled to the injunction prayed for, and entered judgment accordingly.

The position of the appellants at the trial and on this appeal is that the section set forth above deprives them of their property without due process of law in violation of section 1 of the Fourteenth Amendment to the United States Constitution. Appellants contend that section 2(n) conditions an owner's right to subdivide property upon the approval of the planning commission, a body which has none of the powers necessary to the performance of a judicial or quasi-judicial function. It is argued that, since the planning commission has no power to administer oaths, subpoena witnesses, or punish for contempt, any determination which it might make would necessarily fail to embody these essential requisites of "procedural" due process.

The county contends that since the appellants have not been denied the approval of the planning director or the planning commission to any subdivision of their land, they have not been aggrieved by the alleged failure of the section to provide the essentials of procedural due process, and accordingly have no standing to raise the issue.

The law is well settled that a litigant must invoke and exhaust an administrative remedy before he may resort to the courts (*Lynn* v. *Duckel* (1956) 46 Cal.2d 845, 848-850 [299 P.2d 236]; *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 291-296 [109 P.2d 942, 132 A.L.R. 715]), and that this is so even where the statute sought to be applied and enforced by the administrative agency is challenged on constitutional grounds. (*Tushner* v. *Griesinger* (1959) 171 Cal. App.2d 599, 605-606 [341 P.2d 416]; *Chapman* v. *Division of Real Estate* (1957) 153 Cal.App.2d 421, 431-432 [314 P.2d 773].)

The county's position is similar to that of the plaintiff in *City of San Mateo* v. *Hardy* (1944) 64 Cal.App.2d 794 [149 P.2d 307]. In that case, the appellate court reversed the judgment of the lower court denying an injunction to restrain the defendant-owner from violating a zoning ordinance and ordered that an injunction be granted. The defendant had raised the defense that the ordinance was unconstitutional. However, the ordinance permitted the property owner to apply for an exception or variance from its restrictions. This he had not done. The appellate court stated that "[i]t may be that a judicial review would suggest some modifications under certain circumstances but our system has not conferred upon the court the power to exercise these administrative functions." (P. 797.) The opinion acknowledges that the administrative remedy (i.e., to grant an exception or variance) is not a bar to the raising of the defense of unconstitutionality in an action by the city to enforce the ordinance "[b]ut, when the ordinance has afforded such a remedy [which was not pursued], it is a complete answer to all that is said by respondent [owner] relating to the denial of due process." (P. 797.)

The following dictum appears in *Morton* v. *Superior Court* (1954) 124 Cal.App.2d 577, 587 [269 P.2d 81, 47 A.L.R.2d 478]: "We also have no doubt that, if defendants had not applied for a permit [to operate a quarry, said permit being required by a county ordinance], or if they had so applied and

the permit had been denied and defendants had allowed the determination to become final by not challenging the denial, the continued operation of the quarry would, as declared in the ordinance, constitute a nuisance which could be enjoined. Such would not be a denial of due process." (Citing cases.)

The appeal being on the judgment roll, the only portion of the county's subdivision ordinance which is before this court is section 2(n) of ordinance number 977. (The court may not take judicial notice of a municipal ordinance. *Becerra* v. *Hochberg* (1961) 193 Cal.App.2d 431 [14 Cal.Rptr 101]; *Johnson* v. *A. Schilling & Co.* (1959) 170 Cal.App.2d 318, 325 [339 P.2d 139].) Hence, it is impossible to determine the requirements set forth in section 2 of the ordinance to which reference is made in section 2(n), and which must be met before the planning commission may approve an application on appeal from a determination of the planning director.

Nonetheless, section 2(n) does not vest in the planning commission any discretion to deny an application if the proposed subdivision complies with the requirements which are set forth. The commission must approve such applications "unless, in the judgment of a majority of the members of said Commission, it appears from satisfactory evidence that the proposed division would not conform to the requirements set forth in Section 2 of this ordinance."

It would appear, therefore, that the chief flaw in the appellants' position is the assumption that the function of the planning commission is one of a judicial nature. In *Palmer* v. *Fox* (1953) 118 Cal.App.2d 453, 458 [258 P.2d 30], the City of Palos Verdes Estates had adopted as its own the Los Angeles County building code and had hired the principal defendant to process applications and issue permits for construction within the city. The building plans and application for such a permit which were submitted by the plaintiffs were, in effect, rejected by this defendant. In the plaintiffs' action to compel issuance of a permit, the court held that plaintiffs were entitled to have their plans and application processed and to have the permit issued when the plans were made to conform to the building code requirements. Insofar as is here pertinent, the court stated (p. 458): "Issuance of the permit by defendant is merely the completion by him of the processing of plaintiffs' plans and he would have no right or duty to withhold the permit when plaintiffs have complied with the prerequisites for its issuance. █ *When an official is required and authorized to do a prescribed act upon a pre-*

*scribed contingency, his functions are ministerial only,* and mandamus may be issued to control his action upon the happening of the contingency.'' (Emphasis ours.) (See also *Drummey* v. *State Board of Funeral Directors & Embalmers* (1939) 13 Cal.2d 75, 83 [87 P.2d 848]; *Jordan* v. *Kingsbury* (1914) 25 Cal.App. 166, 168-169 [143 P. 69]; Cf. *Brock* v. *Superior Court* (1952) 109 Cal.App.2d 594 [241 P.2d 283].)

The precise nature of the action contemplated by section 2(n), whether administrative or ministerial, is immaterial for the purposes here. The significant determination is that the section does not contemplate a judicial or quasi-judicial type of determination. ▉ Due process of law requires a hearing where the proceeding is quasi-judicial in nature, but not where it is quasi-legislative. (See 3 Witkin, Summary of Cal. Law, Constitutional Law, § 119, p. 1923.) ''Where the proceedings are quasi legislative in character, a hearing of a judicial type is not required; a hearing allowed by legislative grace is not circumscribed by the restrictions applicable to judicial or quasi judicial adversary proceedings.'' (*Franchise Tax Board* v. *Superior Court* (1950) 36 Cal.2d 538, 549 [225 P.2d 905]. See also *Security-First Nat. Bank* v. *Franchise Tax Board* (1961) 55 Cal.2d 407, 419, 420 [11 Cal.Rptr. 289, 359 P.2d 625]; *Brock* v. *Superior Court* (1952) 109 Cal.App.2d 594, 606 [241 P.2d 283].)

This treatment of appellants' contention is justified on the ground that the applicable law clearly contemplates that the planning commission is not, as appellant assumes, the final arbiter of applications to subdivide property. The court is mindful that, due to the nature of the appeal, it does not have before it the entire ordinance of which section 2(n) is a part. However, the general statutory scheme relating to the activities of planning commissions would in itself prohibit any reasonable acceptance of appellants' contention.[1]

[1]The Subdivision Map Act (Bus. & Prof. Code, §§ 11500-11640) provides for the regulation and control by local authorities over the design and improvement of subdivisions, requiring every county and city to adopt an ordinance for this purpose (§ 11525). While the act excludes from its operation real property which is subdivided into less than five parcels (§ 11535), it expressly provides that nothing in the act prevents the governing body of any county or city from regulating the division of land which is not a subdivision. (§ 11540.1.) It is apparent that the section of ordinance number 977 is a proper exercise of the County of San Mateo's power to supplement the provisions of the Subdivision Map Act. (Cf. *Kelber* v. *City of Upland* (1957) 155 Cal.App.2d 631, 636 [318 P.2d 561].)

Section 65302 of the Government Code, dealing with the establishment of planning commissions provides that: "The legislative body of the county and the legislative body of any incorporated city or cities may create a planning commission or may combine the existing planning commissions with all the powers and duties of a city or county planning commission. *All matters requiring official action by a legislative body shall be submitted to the city or county legislative body having jurisdiction."* (Emphasis ours.) Section 65547 provides: "By general or special rule the body creating the planning commission may provide that other matters shall be referred to the planning commission before final action is taken by the county or city body or officer with final authority on the matter, and that final action shall not be taken until the planning commission has submitted its report or has had reasonable time to be fixed in the rule, to submit the report." This latter section sets forth the procedure to be followed in certain matters when the final authority thereon is within the jurisdiction of somebody other than the planning commission. (*Johnston* v. *Board of Supervisors of Marin County* (1947) 31 Cal.2d 66 [187 P.2d 686].)

Section 11525 of the Subdivision Map Act [Bus. & Prof. Code, §§ 11500-11640] provides that: *"Control of the design and improvement of subdivisions is vested in the governing bodies of cities and of counties* but, in all matters concerning such design and improvement, any decision by a governing body is subject to review as to its reasonableness by the superior court in and for the county in which the land is situated. Every county and city shall adopt an ordinance regulating and controlling the design and improvement of subdivisions." (Emphasis ours.) Section 11526 provides that the procedures to be followed in securing official approval of subdivisions and maps thereof are governed by the provisions of that chapter, "and by the additional provisions of local ordinances dealing with subdivisions, the enactment of which is required by this chapter."

There can be little doubt but that, either expressly or implicitly, the county's governing body is recognized in the instant ordinance as the determinative agency in matters relating to subdivisions. Notions of uniformity and common sense impel the conclusion that, as section 2(n) is in the instant case a part of the required ordinance, these provisions apply with equal force to determinations made under

that section by the subordinate organs. The context in which this view of the statutory-ordinance scheme places the section in question reveals quite clearly that the requirements set forth therein purport to do no more than provide a simplified method of facilitating the processing of applications for approval of subdivisions of less than five lots. Nothing is presented in the briefs or record which would require a contrary conclusion.

In addition to the foregoing, it should be noted that section 2(n) provides that the planning commission "shall hear and decide" appeals from the determination of the Planning Director, and that the commission is required to determine "from satisfactory evidence" that the proposed division would not comply with the ordinance before it may refuse its approval. In *Bess* v. *Park* (1956) 144 Cal.App.2d 798 [301 P.2d 978], on facts not here pertinent, the trial court determined that section 1647 of the Labor Code violated state and federal Constitutions because it contained no provision requiring either party to the proceedings to which it related to give notice to the adverse party and constituted denial of due process of law. The appellant therein contended that since the section provided for hearings by the Labor Commissioner and did not expressly negative the requirement for notice, such requirement could be implied. Respondent contended that the section failed to comply with the due process clauses of the constitutions because it did not *expressly* provide for notice and hearing. The reviewing court ruled that, "In our opinion, the provision of said section 1647 that the Labor Commissioner 'shall hear and determine' the controversies between [the parties] implies the condition precedent that both parties shall be given reasonable notice and the opportunity to be heard." (P. 803.) Similarly, in *Carroll* v. *California Horse Racing Board* (1940) 16 Cal.2d 164 [105 P.2d 110], it was held that a provision of the California Horse Racing Act providing that licenses could not be refused or revoked "without just cause" implied a right to notice and hearing prior to such action. (See also *Aylward* v. *State Board etc. Examiners* (1948) 31 Cal.2d 833, 838 [192 P.2d 929].)

On this ground, the answer to the appellants' contention herein is that the section in question does require a hearing such as accords with notions of procedural due process. It may be noted in this respect that appellants are un-

able to contend that they were in fact deprived of due process, not having submitted to the action of the planning commission and been denied approval of proposed subdivisions by that body.

Appellants' final contention relates to a finding of the trial court that appellants had on several occasions submitted applications to the planning director under the subject ordinance for the approval of other subdivisions in the area described in the complaint, and that at least one resubdivision was approved on parcels which adjoined each of the roads within that area. Appellants contend that the directors' approval in those instances was tantamount to approval of the road design for the entire area, and thus amounts to a complete defense to the county's action. The argument is unsound. The Subdivision Map Act and the directors' action in those cases are concerned not only with the road access and structure thereof but also with the minimum lot areas, easements and rights of way for drainage and sanitary sewers. (Bus. & Prof. Code, §§ 11510, 11511.) Appellants state that the ordinance in question purports to deal also with building lines, water courses, railroad and grade crossings, trees, deed restrictions and master plans. It is obvious that the approval by county authorities of these features in one subdivision bears no relation to and does not control its decision with regard to another, notwithstanding that the subdivisions may be located within an area in which the roadways had previously been approved.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.