[Civ. No. 27519.    Second Dist., Div. Two.    June 30, 1964.]

D. JAY SMITH et al., Plaintiffs and Appellants, v. CITY OF DUARTE et al., Defendants and Respondents.

Fred N. Howser for Plaintiffs and Appellants.

William Camil, City Attorney, for Defendants and Respondents.

FOX, P. J.—This is an appeal from a judgment dismissing plaintiffs' case, without prejudice, for lack of jurisdiction. The decisive question herein is whether the trial court was correct in this decision, which was made on the ground that plaintiffs had failed to exhaust the administrative remedies available to them.

On March 24, 1962, the City Council of Duarte enacted Ordinance No. 95, a comprehensive zoning ordinance for the city. In April a referendum petition was circulated and filed which attacked, among other things, a setback line of 20 feet on C-2 and C-4 property which was established by Ordinance No. 95. The city council, pursuant to this referendum, enacted on May 28 Ordinance No. 101 which repealed such setback requirements. About a month and a half later the city council enacted a new Ordinance, No. 102, which amended Ordinance No. 95 by adding to it new setback requirements on C-2 and C-4 property, to wit: a setback of 25 feet on property with a frontage less than 200 feet, 50 feet on property with a frontage of 200 feet or more.

Plaintiffs, whose property is zoned C-2 and C-4, filed a complaint seeking to enjoin the enforcement of Ordinance No. 102. Their claim is that the new setbacks are similar to the requirements repealed by Ordinance No. 101 pursuant to the referendum, and that therefore Ordinance No. 102 is unconstitutional and invalid because it violates article IV, section 1, of the California Constitution and section 4052 of the Elections Code.[1]

The original master zoning ordinance, which remained intact except for the portion repealed by Ordinance No. 101, provided specific methods whereby zoning variances could be applied for and obtained following a hearing and determination by a commission. Plaintiffs did not avail themselves of this procedure. The trial court upheld the city's contention that plaintiffs could not resort to the courts until they had exhausted their administrative remedy, and ruled therefore that it had no jurisdiction to decide the questions

[1]Section 4052: " ... If the legislative body repeals the ordinance ..., the ordinance shall not again be enacted by the legislative body, for a period of one year after the date of its repeal. ... "

involved. We have concluded that the trial court was correct in this decision.

In the recent case of *Dunham* v. *City of Westminster*, 202 Cal.App.2d 245 [20 Cal.Rptr. 772] (hear. den.), the court was faced with a contention identical to that set forth by the city herein. ▮ The court, after noting the policy considerations that support the doctrine of exhaustion of administrative remedies, upheld the contention and stated the principles which guide us in the instant case: "As was said in *United States* v. *Superior Court*, 19 Cal.2d 189, 194 [120 P.2d 26],

" 'It is now firmly established in this state that a litigant must invoke and exhaust an administrative remedy provided by statute before he may resort to the courts. Jurisdiction to entertain an action for judicial relief is conditioned upon a completion of the administrative procedure. [Citation.] In the present case, the persons who are the plaintiffs in the injunction proceeding invoked the administrative process to secure a review of the challenged order and, at practically the same time, sought judicial relief. The respondents apparently contend that the requirement of exhaustion of administrative remedies applies only to erroneous orders and does not preclude judicial interference where, as here, an order is assailed as a nullity because illegally adopted and where the agents for enforcement appointed thereunder are charged with being mere pretenders claiming powers which they do not lawfully possess. But there is no substantial difference, insofar as the necessity for resort to administrative review is concerned, between an erroneous order and one which, it is claimed, is being executed in violation of statutory authority.

" 'Conceding the existence of such a distinction, however, the doctrine of exhaustion of administrative remedies is not so limited. ▮ For example, it lies within the power of the administrative agency to determine in the first instance, and before judicial relief may be obtained, whether a given controversy falls within the statutory grant of jurisdiction. [Citations.] ▮ And even where the statute sought to be applied and enforced by the administrative agency is challenged upon constitutional grounds, completion of the administrative remedy has been held to be a prerequisite to equitable relief.' " (P. 249.) (To the same effect, see *Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715]; *Metcalf* v. *County of Los Angeles*, 24 Cal.2d 267, 269 [148 P.2d 645]; *County of San Mateo* v.

*Palomar Holding Co.,* 208 Cal.App.2d 194, 197 [24 Cal.Rptr. 905]; *Banville* v. *County of Los Angeles,* 180 Cal.App.2d 563, 571 [4 Cal.Rptr. 458].)

■ It is apparent from the foregoing that plaintiffs are without standing to challenge the validity of Ordinance No. 102 until they have exhausted the administrative remedy set forth in Ordinance No. 95. ■ Once such action is taken, it will not preclude them from thereafter attacking the constitutionality of the questioned ordinance. (*Rubin* v. *Board of Directors,* 16 Cal.2d 119, 126 [104 P.2d 1041]; *Dunham* v. *City of Westminster,* 202 Cal.App.2d 245, 250 [20 Cal.Rptr. 772].)

Plaintiffs urge us to view their claim as one involving the question of the superiority of their constitutional right of referendum over the procedural doctrine of exhaustion of administrative remedies. We are not able to accede to this view of the case, for we see no conflict between the two principles. No reason appears to us, and none has been cited, why the doctrine of exhaustion of administrative remedies should not apply simply because the challenged ordinance followed a repeal of part of a prior ordinance pursuant to a referendum.

The judgment is affirmed.

Herndon, J., and Roth, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 27, 1964.