[Civ. No. 64315. Second Dist., Div. Four. Mar. 29, 1983.]

PATRICIA MORRIS, Plaintiff and Appellant, v.
THOMAS T. NOGUCHI, as County Coroner, etc.,
Defendant and Respondent.

COUNSEL

Leon P. Gilbert and Gregory J. Kaapuni for Plaintiff and Appellant.

John H. Larson, County Counsel, and John W. McCauley, Deputy County Counsel, for Defendant and Respondent.

OPINION

**WOODS, P. J.**—Plaintiff appeals from the trial court's refusal to issue a peremptory writ of mandate, sought to compel the Los Angeles County Coroner to change the cause-of-death provision on a death certificate. We affirm.

On June 17, 1980, plaintiff's husband was killed during a struggle with officers of the Los Angeles Police Department. An autopsy was performed by the Los Angeles County Coroner on June 20, and on August 12, 1980, an autopsy report was issued by the coroner which concluded that the cause of decedent's death was "Cardiac arrest during physical altercation due to or as a consequence of arteriosclerotic heart disease and blunt force injuries to the neck and soft tissues."

From October 21 to October 23, 1980, a jury inquest was held at the request of the Los Angeles County Coroner. At the conclusion of the inquest, the jury found that death was caused by "Strangulation . . . at the hands of another person, other than by accident."

On November 7, 1980, the county coroner signed decedent's death certificate, showing that death was caused by "Cardiac arrest . . ." etc., pursuant to the coroner's report.

Decedent's widow filed a petition for writ of mandate in the superior court, seeking an order compelling the county coroner to issue a death certificate with findings as to the cause of death which were consistent with the results of the jury inquest.

■ We have concluded that plaintiff is not entitled to the relief sought. The law does not compel a county coroner to accept findings of an inquest jury in making a final determination as to cause of death. Nor does reason persuade us that the coroner should be inexorably bound by the conclusions of an inquest jury. On the one hand, it follows logically that if a coroner's jury is needed to assist in determining the cause of death, then that jury finding should be reflected on the death certificate; but the argument that the coroner's medical opinion, following an autopsy, should not be inferior to the findings of lay members of a jury is at least of equal weight. Government Code section 27491.5 provides, in pertinent part: "The cause of death appearing on a certificate of death signed by the coroner shall be in conformity with facts ascertained from inquiry, autopsy and other scientific findings."

Plaintiff relies on the language of Government Code section 27504.1, which provides, in pertinent part: "The findings and conclusions provided for in this article [findings of a coroner's jury inquest] shall be sufficient to satisfy the cause of death information required in death certificates . . . ." This statute, however, does not state that the jury's findings are conclusive on the issue of cause of death, nor can it be so interpreted. It merely authorizes the coroner to accept the jury's conclusion; it does not compel him to do so.

■ ■ ■ ■ Therefore, plaintiff cannot compel the action sought. The trial court herein properly refused to issue a writ of mandate.[1] ■ " 'The act which will be compelled by *mandamus* must be one to the performance of which the complaining party is entitled at the institution of his proceeding. It is the refusal or neglect to perform an act which is enjoined by the law as a present duty that serves as the very foundation for the proceeding.' [Citation.]" (*Palmer* v. *Fox* (1953) 118 Cal.App.2d 453, 456 [258 P.2d 30].)

The judgment is affirmed.

Amerian, J., and Wisot, J.,* concurred.

---

[1]Although the record does not explain the basis for plaintiff's concern, we assume civil litigation is pending or anticipated in connection with decedent's death. A death certificate, properly executed, is admissible in evidence. (Evid. Code, § 1281; Health & Saf. Code, § 10577.) However, a death certificate constitutes only " 'prima facie evidence of the facts therein stated' [citation], [and is] subject to rebuttal and to explanation. [Citation.]" (*Pacific Freight Lines* v. *Ind. Acc. Com.* (1945) 26 Cal.2d 234, 238-239 [157 P.2d 634].) Thus, although a coroner's inquest verdict is not admissible in evidence (*Mar Shee* v. *Maryland Assurance Corp.* (1922) 190 Cal. 1, 4-5 [210 P. 269]), evidence may be introduced to contradict the opinion as to cause of death contained on a death certificate (*Estate of Scott* (1942) 55 Cal.App.2d 780, 782-783 [131 P.2d 613]; *Romero* v. *Volunteer State Life Ins. Co.* (1970) 10 Cal.App.3d 571, 580 [88 Cal.Rptr. 820]).

*Assigned by the Chairperson of the Judicial Council.